No. 26-6466

# United States Court of Appeals
*for the*
# Fourth Circuit

—————————

Kilmar Armando Abrego Garcia
*Petitioner-Appellee,*

*v.*

Markwayne Mullin, *et al.*,
*Respondents-Appellants*

—————————

From the United States District Court for the
District of Maryland
Case No. 8:25-cv-02780-PX

—————————

**PETITIONER-APPELLEE'S MOTION TO DISMISS IN PART
FOR LACK OF JURISDICTION**

—————————

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
4103 Chain Bridge Road,
Suite 300
Fairfax, Virginia 22030
(703) 352-2399
ssandoval@murrayosorio.com

*Counsel for Petitioner-Appellee*

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
Jonathan G. Cooper
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com

Andrew J. Rossman
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ii

PRELIMINARY STATEMENT .................................................................. 1

BACKGROUND ........................................................................................2

      A.    The Government's Illegal Removal of Abrego Garcia. ........... 2

      B.    The Habeas Proceedings Below and the Government's First Motion To Dissolve. ...................................................... 4

      C.    The Government's Second Motion To Dissolve. .................... 8

      D.    Post-Notice of Appeal Proceedings ..................................... 10

ARGUMENT............................................................................................ 10

I.    The Government's Appeal Of The Purported Constructive Denials Should Be Dismissed For Lack Of Jurisdiction. .............. 11

II.    *A.A.R.P.* Does Not Support The Government's Appeal. ................ 13

CONCLUSION ........................................................................................ 17

i

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*A.A.R.P. v. Trump,*
  605 U.S. 91 (2025)......................................................................... 13, 14

*Abrego Garcia v. Noem,*
  2025 WL 1021113 (4th Cir. Apr. 7, 2025) ............................................3

*Abrego Garcia v. Noem,*
  2025 WL 1024654 (D. Md. Apr. 4, 2025) .............................................3

*Abrego Garcia v. Noem,*
  2025 WL 1085601 (D. Md. Apr. 10, 2025) ...........................................3

*Abrego Garcia v. Noem,*
  2025 WL 1135112 (4th Cir. Apr. 17, 2025).............................................3

*Amazon.com Servs. LLC v. NLRB,*
  151 F.4th 221 (5th Cir. 2025) ...........................................................12

*Carson v. Am. Brands, Inc.,*
  450 U.S. 79 (1981)............................................................................14

*Castaneda v. Perry,*
  95 F.4th 750 (4th Cir. 2024) ..............................................................7

*Doe v. Lee,*
  137 F.4th 569 (6th Cir. 2025) ...........................................................12

*Jama v. ICE,*
  543 U.S. 335 (2005)............................................................................4

*Navy v. Sch. Bd. of St. Mary Parish,*
  166 F.4th 550 (5th Cir. 2026) ...........................................................12

*Noem v. Abrego Garcia,*
  145 S. Ct. 1017 (2025)...................................................................3, 14

*United States v. Abrego Garcia,*
   --- F. Supp. 3d ---, 2026 WL 1454303
   (M.D. Tenn. May 22, 2026) ...................................................................... 4

*United States v. Abrego Garcia,*
   792 F. Supp. 3d 869 (M.D. Tenn. 2025) ................................................. 4

*United States v. Bd. of Sch. Com'rs,*
   128 F.3d 507 (7th Cir. 1997) ................................................................ 16

*Zadvydas v. Davis,*
   533 U.S. 678 (2001) ................................................................................. 7

## Statutes

8 U.S.C. § 1231(b)(2)(A) ............................................................................... 4

8 U.S.C. § 1231(b)(2)(A)(ii) ......................................................................... 5

8 U.S.C. § 1231(b)(2)(B) ............................................................................... 5

28 U.S.C. § 1292(a)(1) .................................................................. 2, 5, 11, 15

## Rules

Fed. R. App. P. 4(a)(1)(B) ...................................................................... 5, 16

Local Rule 27(a) ........................................................................................... 2

## Other Authorities

16 C. Wright, A. Miller, & E. Cooper,
   Federal Practice & Procedure § 3924.1 (3d ed. 2012) .......................... 14

iii

## PRELIMINARY STATEMENT

Petitioner-Appellee Kilmar Armando Abrego Garcia moves to dismiss for lack of jurisdiction the portion of the Government's appeal that purports to challenge the "constructive denial" of two motions to dissolve an injunction. Add.84–85. No such denial exists.

The Government's dissolution motions remain pending in the district court. The court did not deny them, postpone them indefinitely, or refuse to act. On the contrary, the court was actively considering the dissolution request and had set a hearing on the issue for April 28, when the Government short-circuited that process by filing this appeal on April 17. *See* Add.83. The Government had declared in its second dissolution motion that it would deem its dissolution request denied if the district court did not resolve it by April 17. Add.66, Add.75. The district court rejected the Government's attempt to impose a deadline on the court: "Respondents cannot dictate the Court's schedule or the outcome of the motion. Nor can they appeal a judicial order that does not exist." Add.78.

The Government nevertheless noticed an appeal asserting that the district court had constructively denied its dissolution motions because the district court did not rule by the arbitrary April 17 date that the

1

Government had unilaterally selected. That is not how appellate jurisdiction works. 28 U.S.C. § 1292(a)(1) authorizes appeals from orders granting, continuing, modifying, refusing, or dissolving injunctions, or from orders refusing to dissolve or modify injunctions. It does not authorize a litigant to manufacture appellate jurisdiction by declaring that a pending motion should be treated as denied.

Because the district court has not denied the Government's dissolution motions—actually, constructively, or otherwise—this Court lacks jurisdiction over that part of the appeal.[1] This Court should therefore dismiss the appeal as to the purported constructive denials.

## BACKGROUND

### A.    The Government's Illegal Removal of Abrego Garcia.

In October 2019, an immigration judge entered an order granting Abrego Garcia withholding of removal to El Salvador. Add.24; ECF 1-1

---

[1] This motion does not seek dismissal of the other part of the Government's appeal—namely, its appeal of the injunction entered February 17, 2026, which is an actual order that can be appealed. Pursuant to Local Rule 27(a), counsel for Abrego Garcia has informed counsel to the Government of the intended filing of this motion. The Government opposes this motion.

at 15.[2] Despite that order, agents of U.S. Immigration and Customs Enforcement (**ICE**) arrested Abrego Garcia in March 2025 and "forcibly expelled him . . . to El Salvador," where he and others were "detained in the Terrorism Confinement Center ('CECOT')" and "systematically beaten and tortured." Add.25.

Abrego Garcia filed suit to challenge the unlawful removal. Within a two-week span in April 2025, the Supreme Court, this Court, and the district court issued five orders—with no dissents—directing the Government to facilitate Abrego Garcia's return from El Salvador. *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025); *Abrego Garcia v. Noem*, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025); *Abrego Garcia v. Noem*, 2025 WL 1021113, at *1 (4th Cir. Apr. 7, 2025); *Abrego Garcia v. Noem*, 2025 WL 1085601, at *1 (D. Md. Apr. 10, 2025); *Abrego Garcia v. Noem*, 2025 WL 1024654, at *1 (D. Md. Apr. 4, 2025).

In response, the Government initially "refused to facilitate Abrego Garcia's release or his return," instead announcing that he "is NOT coming back," "is never coming back," and "will never be allowed to return

---

[2] Citations to "ECF" refer to documents filed in No. 8:25-cv-02780-PX (D. Md.), the habeas proceedings from which this appeal arises.

to the United States." Add.26 & n.5. Eventually, it did bring Abrego Garcia back in June 2025, but only "after securing a federal indictment in the Middle District of Tennessee." Add.26. Last month, the Tennessee federal district court dismissed that indictment as unconstitutionally vindictive. *United States v. Abrego Garcia*, --- F. Supp. 3d ---, 2026 WL 1454303 (M.D. Tenn. May 22, 2026), *appeal filed*, No. 26-05555 (6th Cir.).

## B. The Habeas Proceedings Below and the Government's First Motion To Dissolve.

This appeal arises from the Government's efforts to incarcerate Abrego Garcia in immigration custody and remove him to a third country. In July 2025, the Tennessee district court affirmed a magistrate judge's order to release Abrego Garcia from criminal custody on conditions of supervision. *United States v. Abrego Garcia*, 792 F. Supp. 3d 869 (M.D. Tenn. 2025). On August 22, he left criminal custody. Add.28.

The Government found this result "intolerable." Add.26. It directed Abrego Garcia to report to the Baltimore ICE field office on August 25, and it told his counsel that it intended to remove Abrego Garcia to Uganda. ECF 1-4; ECF 1-5.

On August 23, Abrego Garcia formally designated Costa Rica as his country of removal under 8 U.S.C. § 1231(b)(2)(A). ECF 1-7. That statute

4

provides that the Government "shall remove the alien to the country the alien so designates," 8 U.S.C. § 1231(b)(2)(A)(ii), unless a specified exception applies, *see* § 1231(b)(2)(B), (C); *Jama v. ICE*, 543 U.S. 335, 346 (2005). Two days earlier, Costa Rica had officially offered to accept Abrego Garcia and grant him refugee status and residency. ECF 1-3; Add.27.

When Abrego Garcia reported to the Baltimore ICE field office as directed on August 25, ICE immediately detained him. Add.28. He filed a habeas petition that same day. ECF 1. That afternoon, the district court issued an oral order enjoining the Government from removing Abrego Garcia from the United States, Add.1, and it made specific findings as to why the injunction was warranted, Add.6:2–9:16.[3] Two days later, on August 27, the court entered a written order continuing that injunction. Add.20. On September 26, the court entered another order continuing the injunction. Add.21. The Government had 60 days to appeal the injunction and each continuation under 28 U.S.C. § 1292(a)(1). Fed. R. App. P. 4(a)(1)(B). It chose to appeal none of them.

---

[3] The Government's notice of appeal falsely asserts that the district court entered the injunction without analyzing the applicable factors. *See* ECF 176 at 17:3–23:4.

Meanwhile, the Government "serially 'notified' Abrego Garcia—while he sat in ICE custody—of his expulsion to Uganda, then Eswatini, then Ghana; but *none* of these countries were ever viable options, and at least two had not even been *asked* to take Abrego Garcia before [the Government] claimed supposed removal to each." Add.49 (citing ECF 52). It finally settled on Liberia on October 24. ECF 56.

On November 7, the Government filed a motion to dissolve the injunction so that it could remove Abrego Garcia to Liberia. ECF 72. The court set an evidentiary hearing for November 20. ECF 90.

In the lead up to that hearing, the Government "affirmatively misled" the district court that "Liberia is the only viable removal option" for Abrego Garcia and that "Costa Rica 'does not wish to receive him'" and "will no longer 'accept the transfer' of him." Add.50 (citations omitted). After the Government's misrepresentations became public, Costa Rica publicly reaffirmed "that its offer to grant Abrego Garcia residence and refugee status is, and always has been, firm, unwavering, and unconditional." Add.35 (citing ECF 108); Add.50.

On December 11, the district court granted Abrego Garcia's habeas petition for immediate release from ICE custody because it found that

6

the Government never issued a final removal order and thus had no lawful basis to detain or remove Abrego Garcia. Add.22–52; Add.53–54. Abrego Garcia was released that evening. ECF 114 at 1.

Mere hours later, an immigration judge "*sua sponte*" issued an order that "*nunc pro tunc*" amended Abrego Garcia's October 2019 order granting withholding of removal to add to it an order of removal. ECF 112-2. ICE simultaneously sought to re-detain Abrego Garcia by ordering him to report to its Baltimore field office the next day. ECF 112-1. Abrego Garcia filed an emergency motion, ECF 112, and the district court entered a TRO on December 12 barring ICE from re-detaining him. ECF 114.

Following further briefing and hearings, the district court entered an order on February 17, 2026, that enjoined the Government from taking Abrego Garcia into ICE custody after finding that "there is no 'good reason to believe' removal is likely in the reasonably foreseeable future." Add.63 (quoting *Castaneda v. Perry*, 95 F.4th 750, 756 (4th Cir. 2024), in turn quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

## C.    The Government's Second Motion To Dissolve.

On March 20, 2026, the Government filed a new motion to dissolve both injunctions—(1) the injunction against removal first entered at Add.1, and (2) the injunction against ICE re-detention at Add.55—along with new factual submissions. Add.65–77. In its motion, the Government stated that if the district court did not rule on this dissolution motion by April 17, it would "consider the Court to have denied dissolution of both injunctions." Add.66; *see also* Add.75. The Government chose April 17 because that was just before its April 20 deadline to appeal the February 17 injunction against ICE re-detention. The Government did not identify any urgency or request expedited resolution of its dissolution motion.

In response, Abrego Garcia offered to consent to a joint motion extending the Government's time to appeal the February 17 injunction, so that both dissolution motions could proceed in the ordinary course without forcing a premature appeal. The Government declined, confirming by email that the April 17 deadline was designed to "preserve the existing appeal deadline" and that it had no intention to "mak[e] a motion to extend the deadline." ECF 144-3. Abrego Garcia then filed a brief opposing the dissolution motion. ECF 144. He also moved for limited

8

discovery in light of the new factual submissions appended to the Government's second dissolution motion, which (among other things) contradicted the Government's prior testimony. ECF 145.

On April 7, the district court held a scheduling conference and issued a scheduling order that rejected the Government's April 17 ultimatum: "Respondents cannot dictate the Court's schedule or the outcome of the motion. Nor can they appeal a judicial order that does not exist." Add.78. The court found the dissolution motion "simply not ripe for resolution," as several issues "require further exploration for a fair and expeditious resolution," and it set a hearing for April 28. Add.83; *see also* ECF 158 at 8:5–19.

Nevertheless, on April 17, the Government filed its notice of appeal. Add.84–85. The notice begins by stating that it is appealing the February 17 order barring ICE re-detention. Add.84. The notice then goes on to state that "[t]he government further appeals from the District Court's constructive denial of its original November 7, 2025, motion to dissolve (Doc. 72), and its March 20, 2026, renewed motion to dissolve (Doc. 142), the District Court's injunctions against removing Petitioner from the United States (Docs. 13, 20)." Add.84.

### D.    Post-Notice of Appeal Proceedings

After the Government noticed its appeal, Abrego Garcia filed a motion for an indicative ruling under Federal Rule of Civil Procedure 62.1 on his pending discovery motion. ECF 166. The Government opposed the motion and argued in the alternative that, should the court grant the motion, it should also issue an indicative ruling "for the government's motions to dissolve." ECF 170 at 6. The district court held a hearing on this motion on May 12. ECF 176. It found that the Government's appeal of the purported constructive denials "seems frivolous," but it nonetheless denied the motion for an indicative ruling to avoid potential "confusion and inefficiency." Add.88–89.

Separately, the district court set a briefing schedule for resolution of the remaining claims in Abrego Garcia's habeas petition. ECF 175. That briefing is ongoing and scheduled to conclude on July 8. ECF 183.

### ARGUMENT

The Government purports to appeal the constructive denials of two pending motions. But neither motion has been denied, actually or constructively. Accordingly, the Court should dismiss that part of the Government's appeal for lack of jurisdiction.

10

**I.    The Government's Appeal Of The Purported Constructive Denials Should Be Dismissed For Lack Of Jurisdiction.**

Under 28 U.S.C. § 1292(a)(1), this Court has jurisdiction over appeals from "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." The Government seeks to appeal the "constructive denial" of its two motions to dissolve the injunction against removal. Add.84 (citing Add.1, Add.20, Add.65; ECF 72). But no such denial exists. There is no order on the docket actually or constructively denying its dissolution motions. The Government seems to have conceded this point, as it sought from the district court an indicative ruling "for the government's motions to dissolve." ECF 170 at 6. If the Government truly believed that the district court had already denied its dissolution motions, then it would not have sought an indicative ruling on them.

The Government's notice of appeal contends that its dissolution motions were constructively denied on "April 17, 2026," because it had told the Court that it would consider its dissolution request denied if the Court did not resolve it by that date. Add.85 (citing Add.65). But "[a] litigant cannot 'simply say they need an expedited ruling and then appeal by claiming effective denial when they do not get it on their preferred

11

timeline.'" *Amazon.com Servs. LLC v. NLRB*, 151 F.4th 221, 229 (5th Cir. 2025) (citation omitted). And the district court explicitly told the Government that its April 17 ultimatum was inoperative: "Respondents cannot dictate the Court's schedule or the outcome of the motion. Nor can they appeal a judicial order that does not exist." Add.78.

Far from denial, the district court was actively considering the Government's dissolution request when the Government noticed its appeal on April 17. The court explained in an order on April 7 that the dissolution issue was "simply not ripe for resolution" immediately, and it set a hearing on the dissolution question for April 28. Add.83. The general rule is that where, as here, a dissolution motion remains pending, "it's not appealable." *Doe v. Lee*, 137 F.4th 569, 576 (6th Cir. 2025); *see also Navy v. Sch. Bd. of St. Mary Parish*, 166 F.4th 550, 555 (5th Cir. 2026) ("The existence of the motion to dissolve, in and of itself, counsels against a finding that the January Ruling had the practical effect of . . . denying the dissolution of the injunction because the district court will affirmatively speak on whether it will, in fact, deny the . . . motion to dissolve the injunction or allow the injunction to continue."). There is no reason to depart from that general rule here.

12

Scheduling that April 28 hearing was consistent with the district court's approach in the habeas proceedings below, where it has proceeded with alacrity to achieve a "fair and expeditious resolution" of the many substantive and procedural issues raised in this case. Add.83. As detailed in the Background section above, and in the district court's orders, *see, e.g.,* Add.78–83, there has been constant activity in the habeas proceedings below, as new developments, and repeated changes and reversals in positions by the Government, have raised many issues that needed to be briefed, heard, and resolved by the district court. That the district court promptly scheduled the April 28 hearing after the Government filed its renewed dissolution motion on March 20 confirms that the court was in the middle of its process to resolve the Government's dissolution request, not that it had constructively denied dissolution.

In sum, the dissolution motions remain pending below, they have not been denied, so this Court lacks appellate jurisdiction to consider them.

## II.    *A.A.R.P.* Does Not Support The Government's Appeal.

In its notice of appeal, the Government relies on *A.A.R.P. v. Trump*, 605 U.S. 91 (2025), as supporting appellate jurisdiction here. It does not.

In *A.A.R.P.*, a district court did not swiftly act on an emergency TRO filed by a putative class of detainees who alleged that they were going to be imminently removed ("tonight or tomorrow"). *Id.* at 92–93. Had the detainees been removed, "the Government may have argued, as it has previously argued, that no U. S. court had jurisdiction to order relief." *Id.* at 93 (citing Application to Vacate Injunction at 11-20, *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025) (No. 24A949)).

The Supreme Court held that the district court's inaction on the detainees' emergency motion had the irreversible practical effect of refusing a TRO, which created appellate jurisdiction. *Id.* at 94. The Supreme Court explained that "[a]ppellate courts have jurisdiction to review interlocutory orders that have 'the practical effect of refusing an injunction,'" *id.* at 94 (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)), such as when a "district court's inaction in the face of extreme urgency and a high risk of 'serious, perhaps irreparable,' consequences" has "the effect of refusing an injunction," *id.* (quoting 16 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3924.1, pp.174, 180–81 (3d ed. 2012)).

14

Here, unlike in *A.A.R.P.*, there was no "extreme urgency" or "high risk of serious, perhaps irreparable, consequences" necessitating the district court to rule on the dissolution motions by April 17. The Government's only justification for the arbitrary April 17 deadline is its desire for convenience: to be able to appeal a ruling on the motions to dissolve the injunction against removal at the same time as its separate deadline to appeal the February 17 injunction against ICE re-detention. *See* ECF 144-3 ("The concluding statement requests a decision on the Motion by April 17, 2026, to preserve the existing appeal deadline should it be needed."). Mere convenience is not the kind of extreme or irreversible harm necessary under *A.A.R.P.* for district court inaction to constitute a constructive denial of injunctive relief sufficient for appellate jurisdiction.

Had the Government truly believed it faced irreparable harm from the district court's injunction barring removal, then it could and should have appealed the injunction after it was first entered in August 2025, *see* Add.1, Add.6:2–9:16, or in the 60-day period thereafter, *see* Fed. R. App. P. 4(a)(1)(B). It also could have appealed the district court's orders "continuing" the injunction, 28 U.S.C. § 1292(a)(1), first in August 2025,

15

*see* Add.20, and again in September 2025, *see* Add.21, or in the 60-day periods after each continuation, *see* Fed. R. App. P. 4(a)(1)(B). In other words, the Government had the chance to appeal the injunction from August through November 2025, but it chose not to.

The Government cannot now legitimately complain that the district court constructively denied its motion to dissolve that injunction when it set a hearing to consider the dissolution issue 11 days after the arbitrary April 17 deadline that the Government gave in its ultimatum to the court. Add.66, Add.75, Add.83. After all, "[p]ostponement of a ruling on a request to dissolve an injunction is not treated as a denial for purposes of appealability—otherwise the movant could appeal before the judge had had a chance to consider his motion—unless it is so protracted that it has the practical effect of a denial." *United States v. Bd. of Sch. Com'rs*, 128 F.3d 507, 509 (7th Cir. 1997) (Posner, J.). The district court was actively considering the Government's dissolution request, and it would have addressed it at a hearing on April 28 had the Government not filed this "seem[ingly] frivolous" appeal of the non-denial of its dissolution motions. Add.88. This Court should therefore dismiss that part of the

16

Government's appeal and let the district court resume its work on the pending dissolution motions.

## CONCLUSION

Abrego Garcia respectfully requests that the Court dismiss the portion of the Government's appeal challenging the two purported "constructive denials" of motions to dissolve injunctions.

Respectfully submitted,

Dated: June 26, 2026

| | /s/ Jonathan G. Cooper |
|---|---|
| **MURRAY OSORIO PLLC** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| Simon Y. Sandoval-Moshenberg | Jonathan G. Cooper |
| Rina Gandhi | Olivia Horton |
| 4103 Chain Bridge Road, Suite 300 | Nithya Pathalam |
| | 555 13th Street NW, Suite 600 |
| Fairfax, VA 22030 | Washington, DC 20004 |
| (703) 352-2399 | (202) 538-8000 |
| ssandoval@murrayosorio.com | jonathancooper@quinnemanuel.com |
| | oliviahorton@quinnemanuel.com |
| | nithyapathalam@quinnemanuel.com |
| | |
| | Andrew J. Rossman |
| | Sascha N. Rand |
| | Courtney Daukas |
| | Morgan L. Anastasio |
| | Roey Goldstein |
| | 295 Fifth Avenue, 9th Floor |
| | New York, NY 10016 |
| | (212) 849-7000 |
| | andrewrossman@quinnemanuel.com |
| | sascharand@quinnemanuel.com |
| | courtneydaukas@quinnemanuel.com |
| | morgananastasio@quinnemanuel.com |
| | roeygoldstein@quinnemanuel.com |

*Counsel for Petitioner-Appellee*

18

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the requirements of Federal Rule of Appellate Procedure 27(d) because, excluding the parts of the document exempted by Rule 32(f), it contains 3,274 words. This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Jonathan G. Cooper*

Jonathan G. Cooper

19

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, the foregoing motion was filed electronically with the Clerk of Court using the Court's CM/ECF system.

/s/ Jonathan G. Cooper

Jonathan G. Cooper

20