No. 26-6466

# United States Court of Appeals
*for the*
# Fourth Circuit

———————————

Kilmar Armando Abrego Garcia
*Petitioner-Appellee,*

*v.*

Markwayne Mullin, *et al.*,
*Respondents-Appellants*

———————————

From the United States District Court for the
District of Maryland
Case No. 8:25-cv-02780-PX

———————————

**PETITIONER-APPELLEE'S MOTION TO SUSPEND BRIEFING
PENDING RESOLUTION OF MOTION TO DISMISS**

———————————

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
4103 Chain Bridge Road,
Suite 300
Fairfax, Virginia 22030
(703) 352-2399
ssandoval@murrayosorio.com

*Counsel for Petitioner-Appellee*

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
Jonathan G. Cooper
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com

Andrew J. Rossman
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com

Pursuant to Local Rule 27(f)(3), Petitioner-Appellee Kilmar Armando Abrego Garcia respectfully moves to suspend the briefing schedule entered May 5, 2026 (Dkt. 9) and extended on June 1, 2026 (Dkt. 13), which sets the Government's opening brief and joint appendix due July 15, 2026, pending disposition of Abrego Garcia's concurrently filed Motion to Dismiss in Part for Lack of Jurisdiction. Pursuant to Local Rule 27(a), counsel for Abrego Garcia has informed counsel for Respondents-Appellants Markwayne Mullin, Todd Blanche, David J. Venturella, and Nikita Baker (collectively, "the Government") of the intended filing of this motion. Counsel for the Government takes no position with respect to a suspension of the briefing pending the Motion to Dismiss.

## GROUNDS FOR RELIEF

The current briefing schedule requires the Government's opening brief and the joint appendix to be submitted by July 15, 2026, with Abrego Garcia's response brief due August 14, 2026. Dkt. 13. Abrego Garcia has moved concurrently to dismiss for lack of jurisdiction those portions of the Government's appeal purporting to challenge the "constructive denials" of its two pending motions to dissolve. As explained in that motion, no such orders exist, and this Court accordingly lacks

jurisdiction over that portion of the Government's appeal. The only order properly before this Court on appeal is the injunction dated February 17, 2026.

Suspension of briefing pending resolution of the Motion to Dismiss is warranted because the parties fundamentally disagree about the scope of this appeal, and therefore about what merits issues must be briefed. If the motion to dismiss is granted, briefing will be confined to a single, discrete question: whether the district court erred in entering the February 17 injunction. If the motion is denied, the briefing may address the broader record pertaining to the Government's pending dissolution motions—a record that the district court has not yet completed developing. Requiring the parties to brief all possible versions of this appeal simultaneously, before the threshold jurisdictional question is resolved, would impose substantial and potentially unnecessary burdens on both parties and the Court. The parties would be required to brief issues that this Court may determine it has no jurisdiction to consider, and the Court would receive briefs of uncertain and contested scope. None of this serves the interests of judicial economy.

This is precisely the situation Local Rule 27(f) addresses. The rule directs that motions to dismiss on jurisdictional grounds "should be filed within the time allowed for the filing of the response brief" specifically to "avoid unnecessary briefing of the case on the merits." Loc. R. 27(f)(2); Clerk's Office United States Court of Appeals for the Fourth Circuit, *Appellate Procedure Guide* (December 2021). Local Rule 27(f)(3) then expressly provides that a stay of briefing pending such a motion may "be requested by separate motion." *See also United States v. Hyman*, 884 F.3d 496, 497 (4th Cir. 2018) (court suspended briefing pending ruling on motion to dismiss). Abrego Garcia has filed both motions simultaneously, well in advance of the July 15 opening-brief deadline and Abrego Garcia's August 14 response deadline.

## CONCLUSION

For these reasons, Abrego Garcia respectfully requests that this Court suspend the briefing schedule pending disposition of his Motion to Dismiss in Part, and that the Court enter a new briefing schedule following resolution of that motion.

Respectfully submitted,

Dated: June 26, 2026

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

*/s/ Jonathan G. Cooper*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jonathan G. Cooper
Olivia Horton
Nithya Pathalam
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com

Andrew J. Rossman
Sascha N. Rand
Courtney Daukas
Morgan L. Anastasio
Roey Goldstein
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
courtneydaukas@quinnemanuel.com
morgananastasio@quinnemanuel.com
roeygoldstein@quinnemanuel.com

*Counsel for Petitioner-Appellee*

4

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the requirements of Federal Rule of Appellate Procedure 27(d) because, excluding the parts of the document exempted by Rule 32(f), it contains 543 words. This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Jonathan G. Cooper*

Jonathan G. Cooper

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, the foregoing motion was filed electronically with the Clerk of Court using the Court's CM/ECF system.

/s/ *Jonathan G. Cooper*

Jonathan G. Cooper

6