No. 26-6466

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

KILMAR ABREGO GARCIA,

Petitioner-Appellee,

v.

MARKWAYNE MULLIN, in his official capacity as
Secretary of Homeland Security, *et. al.*,
Respondents-Appellants.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
District Court Case No. 8:25-cv-02780-PX

---

## OPPOSITION TO PETITIONER-APPELLEE'S MOTION TO DISMISS IN
## PART FOR LACK OF JURISDICTION

---

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation

ERNESTO H. MOLINA, JR.
Deputy Director
Dep't of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: 202-616-9344
Ernesto.H.Molina@usdoj.gov

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................... i

TABLE OF AUTHORITIES .............................................................................. ii

INTRODUCTION ............................................................................................1

BACKGROUND ..............................................................................................3

ARGUMENT ...................................................................................................5

    I.    This Court Has Jurisdiction to Review the District Court's Constructive

    Denial of the Government's Request to Dissolve the Injunction Barring

    Removal...................................................................................................5

    II.    Alternatively, This Court Has Jurisdiction to Review the Merits of The

    Injunction Barring Removal Because It Is "Inextricably Intertwined" With the

    Grant of the Injunction Against Detention. .......................................12

CONCLUSION ...............................................................................................14

i

# TABLE OF AUTHORITIES

Page(s)

Cases

*A.A.R.P. v. Trump*,
  605 U.S. 91 (2025) ............................................................................ 6, 10, 11

*Abbott v. Perez*,
  585 U.S. 579 (2018) ...................................................................................2, 6

*Amazon.com Servs. LLC v. Nat'l Lab. Rels. Bd.*,
  151 F.4th 221 (5th Cir. 2025)....................................................................7, 9

*Carlson v. Landon*,
  345 U.S. 524 (1952) ......................................................................................13

*Carson v. American Brands, Inc.*,
  450 U.S. 79 (1981) .........................................................................................6

*Company Doe v. Public Citizen*,
  749 F.3d 246 (4th Cir. 2014).......................................................................2, 6

*Doe v. Lee*,
  137 F.4th 569 (6th Cir. 2025)........................................................................9

*Doe v. South Carolina*,
  No. 25-1787, 2025 WL 2375386 (4th Cir. Aug. 15, 2025)...........................2, 12

*Escobar-Salmeron v. Moyer*,
  150 F.4th 360 (4th Cir. 2025).......................................................................10

*In re Fort Worth Chamber of Commerce*,
  100 F.4th 528 (5th Cir. 2024).......................................................................6, 7

*Nationsbank Corp. v. Herman*,
  174 F.3d 424 (4th Cir. 1999).........................................................................13

*Navy v. Sch. Bd. of St. Mary Parish*,

   166 F.4th 550 (5th Cir. 2026)..................................................................................9

*Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*,

   887 F.3d 610 (4th Cir. 2018)................................................................................12

*Winter v. Nat. Res. Def. Council, Inc.*,

   555 U.S. 7 (2008) ............................................................................................6, 9

Statutes

28 U.S.C. § 1292(a)(1)................................................................................... 2, 5, 6

Regulations

28 U.S.C. § 1292(a)(1).........................................................................................2

8 CFR § 1241.1(c)..............................................................................................4

Other Authorities

Federal Practice & Procedure § 3924.1 ...................................................................7

**INTRODUCTION**

Petitioner-Appellee Abrego Garcia ("Petitioner") is unquestionably subject to a final order of removal. Respondents-Appellants ("the Government") are ready and able to removal Petitioner to Liberia and have been since at least October 2025 when it provided notice of that country to Petitioner. It could not, however, because it had been enjoined from removing Petitioner to any country by the district court.

As a result, and at the district court's invitation, the Government twice moved to dissolve the injunction against Petitioner's removal. The Government filed its first motion to dissolve on November 7, 2025. The district court did not act on that motion but instead ordered that Petitioner be released and, on February 17, 2026, enjoined the Government from detaining Petitioner pending execution of the removal order. On March 30, 2026, the Government renewed its motion to dissolve the injunction against removal and also requested dissolution of the February 17 injunction against detention. The Government requested that the district court rule on its pending motions by April 17, 2026—a few days before the deadline to appeal the February 17 injunction against detention. Still no action. Accordingly, after five months of inaction, the Government appealed (1) the February 17 injunction against detention, and (2) the constructive denial of its November 7 and March 30 motions to dissolve the injunction against removal.  And even now—eight months after its initial request to dissolve the injunction and nearly three months after the date upon which it told

1

the district court it would treat the renewed motion as constructively denied—the district court *still* has not acted.

This Court has appellate jurisdiction. The district court's failure to issue a ruling on the Government's motion to dissolve the anti-removal injunction by the requested April 17, 2026 deadline effectively "prohibits certain conduct" by continuing to enjoin Petitioner's removal indefinitely. *See Abbott v. Perez*, 585 U.S. 579, 594-95 (2018); *see also Company Doe v. Public Citizen*, 749 F.3d 246, 259 (4th Cir. 2014). The district court's pointed refusal to even address the Government's requested deadline for a ruling, while also granting the habeas petition (which mooted the need for the anti-removal injunction) and enjoining Petitioner's re-detention, amounts to a constructive denial of the Government's dissolution motion and is therefore appealable under 28 U.S.C. § 1292(a)(1). *See Abbott v. Perez*, 585 U.S. 579, 594-95 (2018) (internal citations omitted).

Even if this Court finds that it does not have direct jurisdiction to hear an appeal of the district court's continuance of the injunction against removal, the issue of whether the injunction against removal and the injunction against re-detention are meritorious is unquestionably intertwined. *See Doe by Doe v. South Carolina*, No. 25-1787, 2025 WL 2375386, at *4 (4th Cir. Aug. 15, 2025).

Since the district court has effectively declined to re-assess the record or issue a formal ruling on the Government's motion to dissolve in the five months pre-dating

2

the taking of this appeal, appellate intervention is now appropriate and necessary to untangle the myriad procedural entanglements and for a ruling on the merits of the continuance of the anti-removal injunction, which is critical to the ultimate resolution of this case.

## BACKGROUND

On August 25, 2025, Petitioner Abrego Garcia filed a habeas petition challenging his detention pending removal. Dkt. No. 1.[1] The district court immediately issued an oral order, *see* Add. 1, and a letter order, *see* Add. 20, enjoining the Government "from removing the Petitioner from the continental United States." The district court continued this injunction on September 26, 2025. Add. 21. In an evidentiary hearing on October 10, 2025, the district court stated that if the Government were in a position to effectuate removal, it could move to dissolve the order enjoining removal. Dkt. No. 52 at 39.

On October 24, 2025, the Government filed a notice that it could effectuate removal to Liberia. Dkt No. 56. Responding to the district court's invitation, the Government subsequently moved to dissolve the injunction against removal on November 7, 2025. Dkt. No. 72. On December 11, 2025, the district court granted Petitioner's habeas petition and ordered immediate release. Add. 22. The district

---

[1] The Government refers to district court filings not included in Petitioner's Addendum as "Dkt. No." and district court filings included in Petitioner's Addendum as "Add."

court held that the Government had never issued Petitioner a final order of removal, which eliminated the statutory basis for detention. Add. 41. The district court did not address the Government's motion to dissolve the injunction against removal—which had been pending for over a month—at that time. *Id.* at 22–52.

Following the district court's December 11 order, the Government released Petitioner from ICE custody. That same day, an immigration judge issued an order of removal *nunc pro tunc*. Dkt. No. 112-2. That order became administratively final on January 13, 2026, when Petitioner failed to appeal that order to the Board of Immigration Appeals. *See* 8 CFR § 1241.1(c).

Shortly after his release, Petitioner filed an emergency motion for a temporary restraining order prohibiting his re-detention for purposes of removal, which the district court quickly granted. Dkt. No. 114. On February 17, 2026, the district court converted the temporary restraining order into preliminary injunctive relief against detaining Petitioner. Add. 55–65. The district court still did not address, much less resolve, the Government's still pending motion to dissolve the injunction against removal. *Id.* Instead, the district court claimed there was no good reason to believe Petitioner could be removed in the reasonably foreseeable future, *see* Add. 63, without *any* reference to the district court's own injunction preventing the Government from removing him. The district court thus failed entirely to account

4

for the fact that the court itself was the insurmountable impediment preventing removal of Petitioner.

On March 30, 2026, the Government renewed its motion to dissolve the injunction against removal and requested the dissolution of the injunction against detention. *See* Add. 65–77. The Government requested that the district court resolve its pending motions by April 17—a day before the Government's deadline to appeal the district court's February 17 injunction against Petitioner's detention. Add. 84.

After five months of inaction by the district court on whether it would grant or deny the injunction barring removal, and two substantive orders by the district court on both the habeas petition and related injunction barring detention, district court effectively denied the motion. Thus, on April 17, 2026, the Government appealed (1) the February 17 injunction against detention, and (2) the constructive denials of its November 7 and March 30 motions to dissolve the injunction against removal. Add. 84.

## ARGUMENT

**I.    This Court Has Jurisdiction to Review the District Court's Constructive Denial of the Government's Request to Dissolve the Injunction Barring Removal.**

This Court has jurisdiction under 28 U.S.C. § 1292(a)(1) over the Government's appeals from the constructive denials of its motions to dissolve the injunction against removal. Add. 1, 20, 21. Section 1292(a)(1) permits review of

interlocutory orders "granting, *continuing*, modifying, refusing or dissolving injunctions." (emphasis added). Just as inaction that has "the practical effect of refusing an injunction" can be appealed, *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (citing *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981)), so too can inaction that has the practical effect of refusing to dissolve (and thus continuing) one. *See, e.g.*, *Company Doe v. Public Citizen*, 749 F.3d 246, 259 (4th Cir. 2014) (entertaining appeal of "the district court's 'constructive denial' of [appellants'] motion"). In either scenario, if refusal to act effectively "prohibits certain conduct," that refusal can "be appealed under § 1292(a)(1) because it [is] the practical equivalent" of a denial. *Abbott v. Perez*, 585 U.S. 579, 594-95 (2018) (citing *Carson*, 450 U.S. at 83-84, 86-90).

"What counts as an effective denial is contextual—different cases require different rulings on different timetables." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 535 (5th Cir. 2024).  Here, the injunction against removal was entered on August 25, 2025.[2] The Government moved to dissolve the injunction on November 7, 2025, Dkt. No. 72, and again on March 30, 2026, after the only impediment to Petitioner's removal was remedied by the *nunc pro tunc* final order

---

[2] The district court also issued an injunction against removal without thorough analysis of the relevant factors under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008), and before any briefing could be presented by the Government. Add. 1, Add. 6—8.

of removal. Dkt. No. 142. The Government requested that the district court rule on the motions by April 17, 2026, or it would consider the dissolution motions to be constructively denied. Dkt. No. 142. The district court ignored the Government's request and allowed the April 17 date to pass without addressing the issue of constructive denial one way or the other. While the motions were pending, the district court also granted Petitioner's habeas petition—which should have mooted the need for the injunction against removal—and granted an injunction barring his re-detention. These rulings, coupled with the district court's pointed refusal to even address the Government's April 17 request, effectively compel the reasonable inference that the court had constructively denied the dissolution motions and effectively continued the injunction against Petitioner's removal indefinitely.

Petitioner cites to *Amazon.com Servs. LLC v. Nat'l Lab. Rels. Bd.*, 151 F.4th 221, 227 (5th Cir. 2025), Mot. at 12, but this case supports the Government's argument. It posits that while a movant cannot simply claim that the court has failed to act promptly, an appeal of an effective denial is permissible where there is "a legitimate basis for the urgency." *Id.*; *see also* 16 Charles Allen Wright & Arthur Miller, Federal Practice & Procedure § 3924.1 (3d ed.)). "Another consideration is the litigant's 'diligence in seeking to expedite the briefing and consideration,' such as whether it has made … requests for a ruling by a specific date." *See Amazon.com Servs. LLC*, 151 F.4th at 227 (citing *In re Fort Worth Chamber of Commerce*, 100

7

F.4th at 535) (internal quotations omitted). After the district court failed to rule on the Government's dissolution motion for over four months—even after it granted the habeas petition which should have mooted the need for an injunction against Petitioner's removal—the Government moved a second time and diligently requested that the court rule on its motions by April 17, 2026, in order to move the case toward a final resolution. Dkt. No. 142. *See Amazon.com Servs LLC* at 227.

Petitioner asserts that the Government should have simply appealed the injunction against removal if it believed it was at risk of irreparable harm. Mot. at 15. This argument is a red herring. Whether or when the Government appealed the anti-removal injunction is wholly unrelated to the district court's inexplicable eight-month delay in ruling on the first dissolution motion and its subsequent refusal to address the Government's request for a ruling by April 17. That is particularly true as the district court has *never* considered the preliminary-injunction factors supporting its injunction after the government filed a brief—and mentioned them only orally in a posture where the case had just been filed and the Government had not filed a legal brief or evidence of any sort. Dkt. No. 14, pp. 5-7.

And whether the district court continued to delay something it had clearly formed an opinion on by scheduling a hearing is similarly a red herring. The Government asked the district court to expeditiously rule on the motions on or before April 17, 2026, after which it would construe the motions to be constructively

denied. *Id.* at 66; *see Amazon.com Servs. LLC*, 151 F.4th 221 at 227 (5th Cir. 2025) (the court should consider a litigant's diligence in seeking expedited briefing a request for a ruling by a specific date in deciding whether there has been an effective denial of the motion). The Government had clearly taken steps to present the issue, and expecting still further delay is unreasonable. The continuation of the injunction despite the Government's effort to achieve a decision by a date certain is clearly a constructive denial.

Petitioner also cites *Doe v. Lee*, 137 F.4th 569, 576 (6th Cir. 2025), and *Navy v. Sch. Bd. of St. Mary Parish*, 166 F.4th 550, 555 (5th Cir. 2026), but those cases do him no good. *See* Mot. at 12. *Doe* held that if a motion to dissolve is terminated, that amounts to a refusal to dissolve the injunction. 137 F.4th at 576. That does not mean that is the *only* way a district court can constructively deny a motion to dissolve an injunction. Similarly, the defendants in *Navy* argued that the denial of a motion to strike or dismiss had the "practical effect" of continuing an injunction, but the court held that the pendency of a motion to dissolve counseled against concluding that the denial of a separate motion had the practical effect of denying the motion to dissolve. *Id.* at 555. Here, the Government is not asking this Court to construe a separate order as an order on the motion to dissolve. Instead, this Court should take the district court's months-long silence for what it is: a constructive denial of the request to dissolve the injunction against removal.

9

By the district court's own reasoning, the issues of Petitioner's re-detention and removal are inextricably intertwined. Indeed, the district court has simultaneously insisted that (a) injunctive relief against Petitioner's re-detention is necessary because there was an absence of process to remove him to a third country, and (b) there is simultaneously "no significant likelihood of removal in the [Petitioner's] foreseeable future." Add. 6–8, 62. In this vein, it is not only logical, but necessary, that both injunctive orders should be appealed simultaneously. *See* Mot. at 15. Accordingly, the impending April 20, 2026 deadline to appeal the February 17 injunction against re-detention created the requisite "urgency" underscoring the Government's request for an April 17 decision date on the motion to dissolve the anti-removal injunction. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (a "district court's inaction in the fact of extreme urgency and a high risk of 'serious, perhaps irreparable,' consequences may have the effect of refusing an injunction.") (citing Charles Allen Wright & Arthur Miller, Federal Practice & Procedure § 3924.1 (3d ed.)).

Thus, the district court's inaction on the dissolution motion, while issuing two substantive orders on issues which are, by logic and effect, inextricably intertwined with the injunction against removal, has the practical effect of denying the Government's motion to dissolve. *Cf. Escobar-Salmeron v. Moyer*, 150 F.4th 360, 370–71 (4th Cir. 2025) (holding that when a court enters final judgment, thus

10

resolving disputes in a case, it need not explicitly deny a particular motion to have ruled on it); *cf. A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (treating "the District Court's inaction" as having the "practical effect of refusing an injunction" giving rise to appellate jurisdiction). The district court has not only delayed the prompt adjudication of the Government's first motion to dissolve, but by erecting a second barrier to removal—the ability to detain the Petitioner in the future—the court's injunction against further detention had the practical effect of denying the Government's motion to dissolve.

Finally, the assertion that the Government has conceded this issue by asking for an indicative ruling on its dissolution motions is a gross mischaracterization of the circumstances. Mot. at 11. To begin with, indicative rulings are only appropriate when a case is on appeal, so seeking an indicative ruling is entirely *consistent with* seeking appellate review, rather than a concession that it cannot be obtained. In any event, the Government's request was made in response to Petitioner's own motion for an indicative ruling on his discovery motion, and the Government reiterated its position that it interpreted the district court's failure to rule on the dissolution motions by April 17 as a constructive denial. Dkt. 170 at 5. Since the constructive denial had since been appealed, the Government argued that the district court was divested of jurisdiction to review Petitioner's related discovery motions. However, the Government requested that if the court were to *grant* Petitioner's motion for an

indicative ruling, it should *also* issue an indicative ruling with respect to the dissolution motions. *Id*. at 6-7.

Since § 1292(a)(1) grants jurisdiction in cases where a district court has granted, continued, modified, refused or dissolved injunctions, this Court should find that it has jurisdiction under § 1292(a)(1) to review the district court's denial to dissolve, and thus continuance of, the injunction against removal.

## II.     Alternatively, This Court Has Jurisdiction to Review the Merits of The Injunction Barring Removal Because It Is "Inextricably Intertwined" With the Grant of the Injunction Against Detention.

Even if this Court concludes that it does not have direct jurisdiction under § 1292(a)(1), the grant of the injunction against removal is "inextricably intertwined" with the grant of the injunction against detention. *See Doe by Doe v. South Carolina*, No. 25-1787, 2025 WL 2375386, at *4 (4th Cir. Aug. 15, 2025) (holding that this Court has jurisdiction to review "issues that are not otherwise subject to immediate appeal when such issues are so interconnected with immediately appealable [ones] that they warrant concurrent review[]") (citing *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 622 (4th Cir. 2018)). Because the injunction against removal is the district court's self-created obstacle that in part led to the injunction against detention, the merits of both are inextricably woven together. *See supra* Background.

12

This Court should conclude it can hear the constructive denial of the dissolution request, and thus continuance of the injunction against removal, because the merits of such are intimately tied to the merits of the injunction against detention, which Petitioner agrees this Court has jurisdiction hear. *See* Mot. at 2, n.1. Particularly important is *Nationsbank Corp. v. Herman*, 174 F.3d 424 (4th Cir. 1999) in which this Court concluded it had jurisdiction to hear a denial of summary judgment, an interlocutory order that is normally not heard by this Court, because it was "intimately bound up with" the grant of a preliminary injunction. *Id.* at 427.

Here, there would be no injunction against detention if the district court did not find the Government could not remove Petitioner in the reasonably foreseeable future. *See* Add. 63. And the Government fervently argues that the district court was able to find there was no reasonably foreseeable chance of removal *because* of its own injunction against removal that it had failed to decide to dissolve, one way or another, for months. Further, it is beyond dispute that the Government's purpose for the detention is solely to execute the final order of removal. Thus, by enjoining Petitioner's future detention, the district court was necessarily also enjoining (or continuing the injunction against) Petitioner's removal. *See Carlson v. Landon*, 345 U.S. 524, 537 (1952) ("Detention is necessarily a part of this deportation process."). Thus, in this context, detention is part and parcel of removal, and enjoining the

13

former prevents the latter, making the injunction against removal and the injunction against detention inextricably intertwined.

Thus, after months of delay by the district court on the Government's request to dissolve the injunction against removal, the Government's notice of appeal was jurisdictionally correct and timely filed, and this Court should hear the appeal.

## CONCLUSION

For the foregoing reasons, the Court should deny the Petitioner's Motion to Dismiss in Part (Doc. 15).

Dated: July 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation

/s/ *Ernesto H. Molina, Jr.*
ERNESTO H. MOLINA, JR.
Deputy Director
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation
P.O. Box. 868, Washington, DC
20044
Phone: 202-616-9344
Ernesto.H.Molina@usdoj.gov

*Attorneys for Respondents-Appellants*

14

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and with Local Rule 32(b) because it contains 3767 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, the foregoing brief was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

s/ *Ernesto H. Molina, Jr.*
ERNESTO H. MOLINA, JR.
Deputy Director