No. 26-6466

# United States Court of Appeals
*for the*
# Fourth Circuit

_____

Kilmar Armando Abrego Garcia
*Petitioner-Appellee,*

*v.*

Markwayne Mullin, *et al.*,
*Respondents-Appellants*

_____

From the United States District Court for the
District of Maryland
Case No. 8:25-cv-02780-PX

_____

**PETITIONER-APPELLEE'S REPLY IN SUPPORT OF MOTION
TO DISMISS IN PART FOR LACK OF JURISDICTION**

_____

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
4103 Chain Bridge Road,
Suite 300
Fairfax, Virginia 22030
(703) 352-2399
ssandoval@murrayosorio.com

*Counsel for Petitioner-Appellee*

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
Jonathan G. Cooper
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com

Andrew J. Rossman
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

PRELIMINARY STATEMENT................................................................. 1

ARGUMENT..............................................................................................3

I.    The Government Fails To Show This Court Has Jurisdiction Over The Purported Constructive Denials. ....................................3

II.    This Court Lacks Pendent Appellate Jurisdiction. .........................9

CONCLUSION ..................................................................................... 13

i

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*A.A.R.P. v. Trump*,
605 U.S. 91 (2025)................................................................ 3, 4

*Abbott v. Perez*,
585 U.S. 579 (2018)................................................................ 8

*Amazon.com Servs. LLC v. NLRB*,
151 F.4th 221 (5th Cir. 2025) ............................................. 4, 5

*Balt. Contractors, Inc. v. Bodinger*,
348 U.S. 176 (1955)................................................................ 4

*Carson v. Am. Brands, Inc.*,
450 U.S. 79 (1981)................................................................ 3

*Doe v. Lee*,
137 F.4th 569 (6th Cir. 2025) ............................................. 9

*Doe v. Public Citizen*,
749 F.3d 246 (4th Cir. 2014)................................................ 8

*Doe ex rel. Doe v. South Carolina*,
2025 WL 2375386 (4th Cir. Aug. 15, 2025) ........................ 5

*Firewalker-Fields v. Lee*,
58 F.4th 104 (4th Cir. 2023) .............................................. 11

*Indus. Servs. Grp., Inc. v. Dobson*,
68 F.4th 155 (4th Cir. 2023) ............................................. 9, 10

*Lovelace v. Lee*,
472 F.3d 174 (4th Cir. 2006)............................................... 11

*Nationsbank Corp. v. Herman*,
174 F.3d 424 (4th Cir. 1999)............................................... 11, 12

*Navy v. Sch. Bd. of St. Mary Parish*,
166 F.4th 550 (5th Cir. 2026) ..............................................................9

*Rux v. Republic of Sudan*,
461 F.3d 461 (4th Cir. 2006)................................................ 9, 10, 11

*Selective Ins. Co. of Am. v. Westfield Ins. Co.*,
73 F.4th 239 (4th Cir. 2023) ..............................................................4

*Sherri A.D. v. Kirby*,
975 F.2d 193 (5th Cir. 1992)..............................................................5

*Swint v. Chambers Cnty. Comm'n*,
514 U.S. 35 (1995)..............................................................................9

*Zadvydas v. Davis*,
533 U.S. 678 (2001)..........................................................................11

## Statutes

8 U.S.C. § 1231(a) ..............................................................................11

28 U.S.C. § 1292(a)(1)......................................................................3, 4

## Other Authorities

16 C. Wright, A. Miller, & E. Cooper,
Federal Practice & Procedure § 3924.1 (3d ed. 2012) ........................3

iii

## PRELIMINARY STATEMENT

The Government's opposition rests on a premise that the record directly refutes. It insists that the district court "ignored" and "pointed[ly] refus[ed] to even address" its demand for a ruling on its dissolution request by April 17. Opp. 2, 7–9. In fact, on April 7 the district court entered an order that directly addressed that demand. Add.78–83. The court explained that the Government's dissolution motion was "simply not ripe for resolution," identified matters requiring further exploration, set a hearing on the motion for April 28, and rejected the Government's efforts to impose its own deadline or manufacture an appealable order: "Respondents cannot dictate the Court's schedule or the outcome of the motion. Nor can they appeal a judicial order that does not exist." *Id.* The Government filed this appeal anyway—eleven days before the scheduled hearing—and now asks this Court to treat the district court's active and ongoing consideration of the Government's dissolution request as a denial.

The Government identifies no statute or case that permits an appeal here. The best it can do is point out that, in exceptional circumstances, a district court's inaction that has the practical effect of

1

refusing urgently needed injunctive relief to someone facing serious or irreparable harm may trigger appellate jurisdiction. Opp. 10. But no case allows a litigant to manufacture appellate jurisdiction by selecting its own arbitrary deadline for a court to rule, declaring a pending motion denied, and appealing before a scheduled hearing occurs. And here, the Government's claimed "urgency" was not any imminent irreparable injury from the removal injunction. After all, the Government elected *not* to appeal that injunction after it was entered in August 2025 or when it was continued in September 2025. Instead, the Government's "urgency" is that it preferred to coordinate appellate review of that injunction with its appeal of the separate February 17 re-detention injunction. Opp. 10. The Government's preferred appellate timetable is not the kind of "urgency" that transforms a pending motion into a constructive denial.

The Government's fallback invocation of pendent appellate jurisdiction fares no better. For pendent jurisdiction, mere factual or legal overlap is insufficient; review of the otherwise nonappealable order must be necessary to meaningful review of the appealable order. This Court can decide whether the February 17 re-detention injunction was proper without deciding whether the separate removal injunction should

2

be dissolved. Pendent jurisdiction therefore does not apply. Because the dissolution motions remain pending below, this Court should dismiss that portion of the appeal.

## ARGUMENT

### I. The Government Fails To Show This Court Has Jurisdiction Over The Purported Constructive Denials.

The Government's lead argument is that there is jurisdiction under 28 U.S.C. § 1292(a)(1) because the district court "constructively denied" its dissolution request. Opp. 5–12.

For support, the Government cites *A.A.R.P. v. Trump*, 605 U.S. 91 (2025), for the proposition that a district court's inaction can be appealed if it has "the practical effect of refusing an injunction." Opp. 6. But that doctrine does not make every delay in ruling immediately appealable. It is a "district court's inaction *in the face of extreme urgency and a high risk of 'serious, perhaps irreparable,' consequences*" that "may have the effect of refusing an injunction." 605 U.S. at 94 (emphasis added) (quoting 16 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3924.1, pp.174, 180–81 (3d ed. 2012)); *see also Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) ("[A] litigant must show more than that the order has the practical effect of refusing an injunction. . . . [They must also] show

3

that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal.") (quoting *Balt. Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181 (1955)); *Selective Ins. Co. of Am. v. Westfield Ins. Co.*, 73 F.4th 239, 243 (4th Cir. 2023) (same). In *A.A.R.P.*, for example, the Supreme Court applied that test and upheld appellate jurisdiction only because a district court's inaction "had the practical effect of refusing an injunction to detainees facing an imminent threat of severe, irreparable harm." 605 U.S. at 94.

Here, the Government does not even claim it would suffer *any* kind of harm by allowing the district court to rule on its motions in the normal course, much less the type of "serious, perhaps irreparable" harm necessary under *A.A.R.P.*, *Carson*, and *Selective Insurance*. That alone "precludes [this Court's] jurisdiction to consider an interlocutory appeal under Section 1292(a)(1)." *Selective Ins.*, 73 F.4th at 243.

Instead, the Government seeks to apply a different test from the Fifth Circuit for appellate jurisdiction: "an appeal of an effective denial is permissible where there is 'a legitimate basis for the urgency.'" Opp. 7 (quoting *Amazon.com Servs. LLC v. NLRB*, 151 F.4th 221, 227 (5th Cir.

4

2025)). That, however, is not the test set by the Supreme Court or the Fourth Circuit in *A.A.R.P.*, *Carson*, and *Selective Insurance*. *See also Doe ex rel. Doe v. South Carolina*, 2025 WL 2375386, at *3 (4th Cir. Aug. 15, 2025) (evaluating appellate jurisdiction based on the test set by *A.A.R.P.*, *Carson*, and *Selective Insurance*). Indeed, that is not even the applicable test in the Fifth Circuit. The majority in *Amazon.com* held that the district court had not effectively denied an injunction request, so it dismissed the appeal without reaching the question of whether the appellant faced serious, perhaps irreparable harm. 151 F.4th at 229. The dissent, which argued that there was jurisdiction, acknowledged that, "[i]n constructive-denial cases, we require a showing that the practical or effective denial 'threatens "serious, perhaps irreparable, consequences" and can be effectively challenged only by immediate appeal.'" *Id.* at 230 (Richman, J., dissenting) (quoting *Sherri A.D. v. Kirby*, 975 F.2d 193, 203 (5th Cir. 1992)). The Government never even tries to make that required showing of "serious, perhaps irreparable, consequences."

The Government also does not make out a legitimate basis for urgency that would warrant treating the district court as having effectively denied its dissolution request. Most crucially, it has no answer

5

to the fact that it elected not to timely appeal the removal injunction after it was entered in August or continued in September. *See* Mot. 5, 15–16. Were there truly any urgency created by the injunction, the Government could and would have appealed.

The Government instead tries to deflect, arguing that "[w]hether or when the Government appealed the anti-removal injunction is wholly unrelated to the district court's inexplicable eight-month delay in ruling on the first dissolution motion and its subsequent refusal to address the Government's request for a ruling by April 17." Opp. 8. That deflection misrepresents the record. The district court extensively discussed the Government's April 17 deadline at a conference on April 7. ECF 158. That same day, the district court issued a scheduling order with a detailed recitation of the procedural history of these proceedings that demonstrates the Government's first motion to dissolve was never ripe before it filed its renewed motion on March 20. Add.78–83. Indeed, the district court found that "[a] careful recapitulation of the record since the filing of the habeas Petition shows that, if anyone, [the Government] bear[s] the responsibility for substantial delay." Add.78. The order also directly addressed the Government's April 17 ultimatum: "Respondents

6

cannot dictate the Court's schedule or the outcome of the motion. Nor can they appeal a judicial order that does not exist." Add.78. Simply put, the district court neither inexplicably delayed ruling on the Government's dissolution request nor refused to address the Government's request for a ruling by April 17.

Equally wrong, the Government derides the district court because "even now—eight months after its initial request to dissolve the injunction" it "*still* has not acted." Opp. 1–2 (emphasis in original); *see also id.* at 8. That is because the Government appealed and deprived the district court of jurisdiction to rule on the motions, as the Government argued below. Add.87–90; ECF 170. In fact, had the Government not improperly appealed the purported constructive denials, the district court already would have held a hearing on April 28 on the issue. *See* Add.83 (setting briefing and hearing schedule).

In sum, the Government's assertion that it is "reasonable" to infer the district court "constructively denied the dissolution motions and effectively continued the [anti-removal] injunction" is wrong. Opp. 7. There is nothing to infer from the district court's actions—it explicitly rejected the Government's April 17 ultimatum and has not ruled on

7

either dissolution motion. Add.78. When the district court determined the motions were ripe for resolution, the Government's notice of appeal prevented it from doing so. Add.87–90. The Government cannot ignore what the district court did to infer what it declined to do.

The Government's remaining arguments are meritless. It cites (at 2, 6) *Doe v. Public Citizen*, 749 F.3d 246, 253 (4th Cir. 2014), which recognized a constructive denial because the district court never acted on appellants' motion to intervene "before the period to appeal the underlying judgment expired." That case is inapposite because, unlike the *Doe* intervenors, the Government could have appealed the district court's ruling on the motions to dissolve in the normal course if necessary. The Government also cites (at 2, 6) *Abbott v. Perez*, 585 U.S. 579, 594–95 (2018), which discussed the "practical effects" test for whether an order is "the practical equivalent of an order denying an injunction." Yet the Government rejected that it was asking the Court "to construe a separate order as an order on the motion to dissolve." Opp. 9.

Finally, the Government's argument addressing its request for an indicative ruling on its dissolution motions misses the point. Opp. 11. The Government's request for an indicative ruling treated the dissolution

8

motions as undecided (because they are), which is the general hallmark that the motion is not ripe for appeal. *Navy v. Sch. Bd. of St. Mary Parish*, 166 F.4th 550, 555 (5th Cir. 2026); *Doe v. Lee*, 137 F.4th 569, 576 (6th Cir. 2025). The Government did not ask the district court to *reconsider* its purported constructive denial of the motions; it implicitly recognized that the district court never ruled on the motions to begin with. ECF 170 at 6–7.

## II.     This Court Lacks Pendent Appellate Jurisdiction.

The Government alternatively invokes pendent appellate jurisdiction, arguing that the removal and re-detention injunctions are "inextricably intertwined." Opp. 12. That theory fails.

Pendent appellate jurisdiction is "a judicially-created, discretionary exception to the final judgment requirement." *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 166 (4th Cir. 2023). It applies only when a non-appealable issue is "inextricably intertwined" with a question properly on appeal, or where its review is "necessary to ensure meaningful review" of the appealable issue. *Rux v. Republic of Sudan*, 461 F.3d 461, 475 (4th Cir. 2006) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50–51 (1995)). "Two separate rulings are inextricably intertwined if the same

9

specific question will underlie both the appealable and the non-appealable order, such that resolution of the question will necessarily resolve the appeals from both orders at once." *Dobson*, 68 F.4th at 167 (cleaned up).

Pendent jurisdiction is unavailable here for three reasons.

First, there is no ruling on the Government's dissolution motions for this Court to review. Pendent appellate jurisdiction is designed to reach non-final orders such as rulings on motions to dismiss or summary judgment, which do not "end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Rux*, 461 F.3d at 474 (cleaned up and citation omitted). It does not authorize an appellate court to adjudicate a pending motion in the first instance. Here, the district court found the dissolution motions "simply not ripe for resolution," and given the "several substantive and procedural arguments that require[d] further exploration," it entered a briefing schedule and set a hearing. Add.83. The Government filed its notice of appeal on April 17, 2026, before a hearing could be held. Add.84.

Extending pendent jurisdiction to reach a non-existent order would transform the doctrine into a tool for usurping the district court's fact-

10

finding function before it has ruled. That would improperly expand the "limited and narrow application" of the doctrine, *Rux*, 461 F.3d at 475, and improperly transform this Court from "'a court of review'" into "a court of 'first view.'" *Firewalker-Fields v. Lee*, 58 F.4th 104, 122 (4th Cir. 2023) (quoting *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006)).

Second, the propriety of the February re-detention injunction does not turn on the same specific questions as the Government's dissolution motions. The February re-detention injunction concerns whether the Government may re-detain Abrego Garcia under 8 U.S.C. § 1231(a) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Add.55–64. The dissolution motions present different questions concerning whether later factual and legal developments justify lifting the removal injunction, including the lawfulness and feasibility of removal to Liberia rather than Costa Rica, the process required before such removal, and the Government's new factual submissions. Add.65–83. Resolving whether the February re-detention injunction was proper therefore will not necessarily resolve whether the separate removal injunction should be dissolved.

That distinguishes *Nationsbank Corp. v. Herman*, where the propriety of an injunction and the denial of summary judgment turned

11

on the same, dispositive legal issue: whether Nationsbank was required to exhaust administrative remedies. 174 F.3d 424, 427–28 (4th Cir. 1999). Indeed, exhaustion was "the sole issue" underlying both rulings. *Id.* at 428. Here, the detention and dissolution issues involve different legal standards, different factual questions, and partly different records.

Third, the Government's "self-created obstacle" theory does not make review of the dissolution motions necessary to meaningful review of the re-detention injunction. Opp. 12. The re-detention injunction did not rest on the removal injunction; instead, it was based on many independent factual findings, including the Government's years of inaction in effectuating Abrego Garcia's removal, its unlawful "purchase[]" of his detention in El Salvador, its "refus[al] to procure [his] immediate removal to Costa Rica in favor of phantom removals to three (maybe four) African countries," and its failure to secure necessary travel documents despite its earlier representations to the court. Add.61–63. Further, the Government's assertion that "the Government's purpose for the detention is solely to execute the final order of removal" is anything but "beyond dispute." Opp. 13. It is directly contradicted by the district court's finding that "whatever purpose was behind [Abrego Garcia's]

12

detention, it was not for the 'basic purpose' of timely third-country removal." Add.50 (adopted at Add.61 & Add.63). Thus, even assuming that the removal injunction formed part of the background, the February re-detention injunction rests on independent factual findings that this Court can review without adjudicating the unresolved dissolution motions.

The proper forum for deciding the dissolution motions remains the district court, where briefing, factual development, and a hearing were already underway. *See* Add.78–83. Pendent appellate jurisdiction exists to permit meaningful review of an order properly on appeal, not to substitute appellate adjudication for a district court's resolution of pending motions. Because the dissolution issue is neither necessarily resolved by nor necessary to meaningful review of the February 17 order, pendent appellate jurisdiction does not apply.

## CONCLUSION

The Court should grant Abrego Garcia's motion to dismiss in part.

13

Respectfully submitted,

Dated: July 16, 2026

/s/ *Jonathan G. Cooper*

| | |
|---|---|
| **MURRAY OSORIO PLLC** | **QUINN EMANUEL URQUHART** |
| Simon Y. Sandoval-Moshenberg | **& SULLIVAN, LLP** |
| Rina Gandhi | Jonathan G. Cooper |
| 4103 Chain Bridge Road, Suite 300 | Olivia Horton |
| Fairfax, VA 22030 | Nithya Pathalam |
| (703) 352-2399 | 555 13th Street NW, Suite 600 |
| ssandoval@murrayosorio.com | Washington, DC 20004 |
| | (202) 538-8000 |
| | jonathancooper@quinnemanuel.com |
| | oliviahorton@quinnemanuel.com |
| | nithyapathalam@quinnemanuel.com |

Andrew J. Rossman
Sascha N. Rand
Courtney Daukas
Morgan L. Anastasio
Roey Goldstein
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
courtneydaukas@quinnemanuel.com
morgananastasio@quinnemanuel.com
roeygoldstein@quinnemanuel.com

*Counsel for Petitioner-Appellee*

14

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the requirements of Federal Rule of Appellate Procedure 27(d) because, excluding the parts of the document exempted by Rule 32(f), it contains 2,549 words. This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Jonathan G. Cooper*

Jonathan G. Cooper

15

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, the foregoing motion was filed

electronically with the Clerk of Court using the Court's CM/ECF system.

*/s/ Jonathan G. Cooper*

Jonathan G. Cooper

16